**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4547**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE STINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria. Liam O'Grady, District Judge. (1:17-cr-00211-LO-1)

Submitted: January 24, 2020                         Decided: February 26, 2020

Before KEENAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Todd M. Richman, Assistant Federal Public
Defender, Ann Mason Rigby, Assistant Federal Public Defender, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary
Terwilliger, United States Attorney, Whitney Russell, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Stinson appeals his conviction and 240-month sentence after he entered a conditional guilty plea to one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a)(e), 2256(2) (2018). In accordance with the parties' agreement, Stinson asserts on appeal that the district court erred when it denied his motion to suppress evidence seized pursuant to a search warrant. As he did before the district court, Stinson argues that four factual statements that tended to establish probable cause were false and/or misleading and, thus, the search warrant issued in reliance on those statements was invalid and required the district court to exclude the evidence seized. Finding no error, we affirm.

In reviewing the denial of a motion to suppress, we "review legal conclusions de novo and factual findings for clear error." *United States v. Seerden*, 916 F.3d 360, 365 (4th Cir. 2019). "In doing so, we consider the evidence in the light most favorable to the Government." *Id.* This court must also "'give due weight to inferences drawn from those facts by resident judges and law enforcement officers.'" *United States v. Wharton*, 840 F.3d 163, 168 (4th Cir. 2016) (quoting *United States v. Lewis*, 606 F.3d 193, 197 (4th Cir. 2010)).

"When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (internal quotation marks and brackets omitted). Thus, "[a] court reviewing for clear error may not reverse a lower court's finding of fact simply because it would have decided the case differently. Rather, a reviewing court must ask

2

whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) (internal quotation marks and brackets omitted).

In this regard, "[a]n accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit" by way of a motion to suppress. *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011). "In its decision in *Franks v. Delaware*, however, the Supreme Court carved out a narrow exception to this rule, whereby an accused is entitled to an evidentiary hearing on the veracity of statements in the affidavit." *Id.* (referring to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). Under *Franks*, a defendant is entitled to suppression of evidence seized if, during an evidentiary hearing, "perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause[.]" *Franks*, 438 U.S. at 156. Thus, to establish a *Franks* violation, a defendant must prove of both intentionality and materiality. *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (recognizing that, "[t]o establish a *Franks* violation, a defendant must prove that the affiant either intentionally or recklessly made a materially false statement or that the affiant intentionally or recklessly omitted material information from the affidavit").

To establish the intentionality prong under *Franks*, a defendant "must show by a preponderance of the evidence that [the affiant] omitted information with the intent to mislead the magistrate or that he omitted the information with reckless disregard of whether it would make the affidavit misleading." *Id.* at 115. The defendant's burden in the context

3

of an omission is high "because an affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation." *Id.* (internal quotation marks and brackets omitted). Omitted information is material if it was "necessary to the finding of probable cause." *Id.* at 117 (internal quotation marks omitted). In assessing the materiality of the omitted information, we consider the "totality of the circumstances, evaluating the affidavit as a whole and all circumstances set forth within." *Id.* at 118 (internal quotation marks omitted).

Importantly, the Supreme Court has stressed that because of the presumption of validity with respect to a search warrant affidavit, conclusory allegations of a defect are insufficient, and defendants must offer proof by a preponderance of intentional or reckless falsehood to prevail. *Franks*, 438 U.S. at 155-56, 171. "Allegations of negligence or innocent mistake are insufficient." *Id.* at 171. We find that Stinson failed to meet the exacting burden of establishing the district court erred when it credited law enforcement's testimony that the statements contained in the affidavit were honest representations and recollections of a seasoned law enforcement officer.

After hearing testimony from Stinson and both agents who conducted the knock-and-talk interview, and after listening to the portions of the interview that were recorded, the district court expressly credited the affiant's testimony, which included explaining a mistake contained in the affidavit and the affiant's assurance that, based on the interview and the context in which Stinson made his statements, the affiant stood by the veracity of the statements he made in the affidavit. Thus, the district court credited the affiant's testimony that when Stinson said: "I do think some of those girls on there were underage[,]"

4

the affiant understood Stinson to be referring to child pornography on the website Stinson used to view live transmissions from the Philippines.

The district court's findings were based on credibility determinations to which this Court should defer. *Palmer*, 820 F.3d at 653. This is especially true where, as here, the affidavit was drafted immediately following the interview, and this court has recognized that "[m]ere imprecision does not, by itself, show falsity." *United States v. Moody*, 931 F.3d 366, 372 (4th Cir. 2019) ("[W]arrant affidavits are normally drafted by nonlawyers in the midst and haste of a criminal investigation [and t]hey must be interpreted in a commonsense manner, neither held to the standard of what judges or lawyers feel they would have written if given the opportunity nor judged as an entry in an essay contest." (internal quotation marks and citation omitted)), *cert. denied*, __ S. Ct. __, 2020 WL 129894 (U.S. Jan. 13, 2020) (No. 19-6753).

Moreover, we, too, have reviewed the audio recording of law enforcement's knock-and-talk interview of Stinson and find that the district court's decision to credit the affiant's testimony to be fully supported by the record. Contrary to Stinson's argument that the affiant wrongfully *inferred* that Stinson was referring to the webcam sessions when he made the "underage" comment, a review of the audio recording of the interview confirms that Stinson clearly made the "underage" admission and then immediately continued to discuss his use of the webcam sessions and his methods of payment for using those sessions. We thus reject Stinson's argument that the magistrate judge erroneously found probable cause by ratifying law enforcement's inferences rather than his own.

Moreover, based on the totality of the record, no evidence exists to suggest that law enforcement intentionally or recklessly misrepresented the allegations in the search warrant affidavit. Indeed, although Stinson bore the burden of persuasion by a preponderance standard at the *Franks* hearing, Stinson offered no evidence establishing that the material statements at issue were either intentionally or recklessly misleading or false. As we have expressly stated, a defendant must show both objective falsity and subjective intent through concrete evidence, not mere allegation or argument:

> [A] defendant cannot rely on a purely subjective disagreement with how the affidavit characterizes the facts. Rather, there must be evidence showing that the statements at issue are objectively false[,] . . . [and he] must provide facts—not mere conclusory allegations—indicating that the officer subjectively acted with intent to mislead, or with reckless disregard for whether the statements would mislead, the magistrate.

*Moody*, 931 F.3d at 370-71. Crucially, Stinson never denied that he admitted to viewing live sex shows of minors during the knock-and-talk interview. This admission, in conjunction with the unobjectionable affidavit allegations regarding the existence of an investigation into individuals using Xoom to pay to watch pornography and Stinson's admissions that he used Xoom to pay to watch pornography, was sufficient to establish probable cause to support the search warrant. *Cf. Illinois v. Gates*, 462 U.S. 213, 236 (1983) ("[T]he traditional standard for review of an issuing magistrate's probable cause determination has been that so long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." (internal quotation marks, ellipses, and brackets omitted)).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*